IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-2292

CTF BM OPERATIONS LTD.,

    Plaintiff,

v.

DELTA ENTERPRISE SOLUTIONS LLC,

    Defendant.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff CTF BM Operations Ltd., by and through its attorneys, David G. Mayhan and Sarah Smyth O'Brien of Butler Snow LLP, states the following in support of its Complaint for Declaratory Judgment:

### PARTIES AND JURISDICTION

1. Plaintiff CTF BM Operations Ltd. ("CTF") is a corporation formed and incorporated under the laws of The Bahamas. *See* attached Exhibit A, incorporated by this reference, containing CTF's Certificate of Incorporation and Certificate of Good Standing.

2. CTF's principal place of business is located in Nassau, The Bahamas.

3. Therefore, for purposes of diversity jurisdiction, CTF is a citizen of The Bahamas. *See* 28 U.S.C. §§ 1332(a)(2), (c)(1).

4. Defendant Delta Enterprise Solutions LLC ("Delta") is a limited liability company formed under the laws of the State of Colorado. *See* attached Exhibit B, incorporated by this reference, containing evidence of Delta's filings with Colorado's Secretary of State.

5. Upon information and belief, David Kahn ("Mr. Kahn") is the manager, registered agent, and sole member of Delta. Mr. Kahn is a resident of, and domiciled in, Colorado. *See* attached Exhibit C, incorporated by this reference.

6. Therefore, for purposes of diversity jurisdiction, Delta is a citizen of Colorado. *See* 28 U.S.C. §§ 1332(a)(2), (c)(1).

7. Plaintiff is of diverse citizenship from Defendant. The matter in controversy exceeds, exclusive of interest and costs, the sum specified in 28 U.S.C. § 1332. Accordingly, the jurisdictional requirements of 28 U.S.C. § 1332 are met.[1]

8. This Court has jurisdiction over Delta because it regularly conducts business in Colorado and because it is registered to do business in Colorado.

9. All necessary parties under Fed. R. Civ. P. 57 and 28 U.S.C. § 2201 are before the Court.

## FACTUAL BACKGROUND

**A.   The Contract Between CTF and Delta**

10. CTF and Delta (also referred to as the "Parties") entered into a contract on or about September 3, 2018 (the "CTF Contract"), the terms and conditions of which are set forth in attached Exhibit D, incorporated by this reference.

---

[1] This Court also has subject matter jurisdiction pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), 9 U.S.C. § 201 *et seq. See* 9 U.S.C. § 203; *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 958-60 (10th Cir. 1992). The CTF Contract falls under the Convention, and both the United States of America and The Bahamas are signatories to the Convention. *See* 9 U.S.C. § 202; Contracting States, New York Arbitration Convention, http://www.newyorkconvention.org/countries (last visited Aug. 12, 2019); Exhibit D (the Contract, at p. 4 of 8, ¶ 2.10.3). The current dispute involves one non-citizen party to the CTF Contract, CTF; a commercial legal relationship between CTF and Delta; and performance abroad. *See* 9 U.S.C. § 202. Furthermore, the CTF Contract is reasonably related to The Bahamas and envisages performance in The Bahamas. *See id.*; *Colorado Mills LLC v. Sunrich, LLC*, No. 10-CV-00673-CMA, 2010 WL 1413173, at *1 n.6 (D. Colo. Apr. 2, 2010).

11. The CTF Contract contains express terms and conditions for a dispute resolution process. This process mandates that if the Parties have a dispute, the Parties must submit to mandatory mediation, and if such mediation is unsuccessful, then the Parties must submit to mandatory arbitration *administered by JAMS in New York, New York. See* Exhibit D (the Contract, at p. 4 of 8, ¶ 2.10.3).

12. The CTF Contract also contains a choice of law provision stating that the Contract shall be governed by the laws of the State of Colorado. *See* Exhibit D (the Contract, at p. 5 of 8, ¶ 2.22).

13. The choice of law provision in the CTF Contract also states that, "In the event that a Party seeks equitable relief, the Parties consent to sole and exclusive jurisdiction and venue in the state and federal courts in Denver, Colorado." *See* Exhibit D (the Contract, at p. 5 of 8, ¶ 2.22).

**B.  The Underlying Arbitration Initiated by Delta in the JAMS/Denver Office**

14. On or about October 18, 2018, Delta sought to initiate an arbitration proceeding against CTF before the JAMS/Denver office. *See* attached Exhibit E, incorporated by this reference, containing Mr. Kahn's letter dated as of October 18, 2018, to Marta Garbowski with the JAMS/Denver office.

15. In filings with the JAMS/Denver office, Delta claims that CTF is liable for $1,216,800.00 in damages that arise out of a separate, alleged agreement between Delta and an entity named Baha Mar Ltd. (the "BML Agreement"). *See* Exhibit F Delta Letter to JAMS/Denver dated January 15, 2019. However, CTF is not a party to the BML Agreement, which agreement provides for mandatory arbitration of disputes *administered by JAMS in Denver, Colorado.*

3

16. Notwithstanding the contrary terms of the CTF Contract (JAMS arbitration in New York, New York), Delta claims that CTF is subject to jurisdiction before the JAMS/Denver office for certain disputes that Delta claims it has with Baha Mar Ltd under the BML Agreement. However, CTF (a) is not a party to the BML Agreement, (b) did not take an assignment of the BML Agreement, and (c) does not own, is not under common control with, and is otherwise unrelated to Baha Mar Ltd.

17. Baha Mar Ltd. no longer exists, having been subject to receivership and liquidation in The Bahamas. *See* Exhibit H, Notice and Orders for Dissolution. Although the assets of Baha Mar Ltd. were sold, the new owner is not liable for any claims arising from the operation of Baha Mar Ltd. prior to liquidation and sale. See Exhibit G.

18. Despite correspondence from CTF to Delta and the JAMS/Denver office explaining the above cited facts, the JAMS/Denver office sent an email message to CTF reporting that a sole arbitrator had been selected by JAMS and that CTF and Delta must submit to the JAMS/Denver office's jurisdiction to hear the disputes raised by Delta against CTF. *See* attached **Exhibit I**, JAMS/Denver email dated July 23, 2019, incorporated by this reference.

## CLAIM FOR RELIEF
### (Declaratory Judgment Against Delta)

19. Plaintiff CTF incorporates its allegations above as if fully set forth herein.

20. Delta asserts that CTF is subject to jurisdiction in Denver for disputes that Delta claims it has with CTF.

21. The CTF Contract mandates that JAMS in New York, New York provides the sole and exclusive jurisdiction for CTF and Delta to resolve any claim, controversy, or dispute between the Parties.

22. The dispute highlighted above is a current dispute with presently adverse consequences to CTF, and it is ripe for declaratory determination at this time.

23. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* and Fed. R. Civ. P. 57, Plaintiff CTF seeks declaratory relief and judgment as follows:

   a. Pursuant to § 2.1 of the CTF Contract, JAMS in New York, New York provides the sole and exclusive forum in which the Parties must resolve any claim, controversy, or dispute between them; and

   b. No Colorado court or arbitration administrator has jurisdiction over the merits of any claim, controversy, or dispute between CTF and Delta, including Delta's claim for $1,216,800.00 in damages against CTF which is based upon the BML Agreement and was brought by Delta against CTF before the JAMS/Denver office.

24. In requesting this declaratory relief and judgment, Plaintiff CTF is requesting an interpretation of the rights, legal status, and legal relations of the parties pursuant to the above law and facts.

25. Requesting such an interpretation, and the Court thereafter providing such an interpretation, is appropriate under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* and Federal Rule of Civil Procedure 57.

WHEREFORE, Plaintiff CTF BM Operations Ltd. requests declaratory relief and judgment and a determination of the rights, legal status, and legal relations of the Parties pursuant to the above law and facts, and for all other good and valuable relief to which Plaintiff may be entitled, and for which the Court deems just and proper, and for any costs, fees,

attorneys' fees, interest, and other relief for which Plaintiff may be entitled pursuant to law, equity, or the Parties' Contract.

Dated this 12th day of August, 2019.

    Respectfully submitted,

    **BUTLER SNOW LLP**

    By: *s/ David G. Mayhan*
    David G. Mayhan
    Sarah Smyth O'Brien
    1801 California Street, Suite 5100
    Denver, Colorado 80202
    Telephone: (720) 330-2300
    Facsimile: (720) 330-2301
    E-mail: David.Mayhan@butlersnow.com;
    Sarah.OBrien@butlersnow.com

    *Attorneys for Plaintiff*

    *[Original Signature on File at the offices of Butler Snow LLP]*

Plaintiff's Address:
One Baha Mar Boulevard
Nassau, The Bahamas