**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02292-RBJ

CTF BM OPERATIONS LTD.,

    Plaintiff,

v.

DELTA ENTERPRISE SOLUTIONS LLC,

    Defendant.

---

**PLAINTIFF CTF BM OPERATIONS LTD.'S
MOTION FOR ENFORCEMENT OF SETTLEMENT**

---

Plaintiff CTF BM Operations LTD. ("Plaintiff") submits this Motion for Enforcement of Settlement pursuant to the hearing held with this Court on November 30, 2020 and requests this Court enter an Order enforcing settlement of this matter and in support states:

**I.   FACTUAL BACKGROUND**

1. This Court held a hearing on October 2, 2020 on the parties' cross-motions for summary judgment (the "Hearing").

2. At the Hearing, the parties were given time to report to the Court as to whether a settlement agreement could be reached, prior to the Court ruling on the pending motions.

3. Plaintiff's counsel extended a settlement offer, the terms of which were set forth in an email dated October 2, 2020. *See* Ex. A, October 2, 2020 email; Ex. B, Affidavit of David Mayhan. The offer was received by counsel for Defendant, Ms. Torrey Livenick, who in a

telephone call with Plaintiff's counsel on October 16, 2020, reported to Plaintiff's counsel that her client agreed to these terms (the "Settlement").  Ex. B, Affidavit of David Mayhan.

4.  Shortly thereafter, counsel for both parties promptly contacted the Court to report that a settlement agreement had been reached. *See* Ex. C, October 16, 2020 emails from counsel for each party reporting settlement to the Court and Ex. B, Affidavit.

5.  Plaintiff's counsel then submitted to Defendant's counsel, Ms. Livenick, a settlement and release agreement containing the parties' agreed upon terms (the "Settlement Agreement"), a form stipulation for dismissal, and a proposed order of dismissal. *See* Ex. B, Affidavit.

6.  Thereafter, however, Defendant's counsel failed to return numerous calls and emails about concluding the Settlement. *See* Ex. B, Affidavit.

7.  The Defendant's principal, Mr. David Kahn, then began emailing Plaintiff's counsel directly to suggest additional terms to the Settlement and the Settlement Agreement. *See* Ex. B, Affidavit. Mr. Kahn also demanded that settlement proceeds be paid directly to the Defendant and not to include Defendant's counsel, Torrey Livenick. *See* Ex. B, Affidavit.

8.  Plaintiff's counsel diligently and repeatedly attempted to contact the Defendant's attorney without success. Therefore, Plaintiff filed a Motion for Court Conference in an effort to locate counsel for Delta and conclude the Settlement. *See* Doc. 48. This Court set a hearing for November 30, 2020 (the "November Status Conference"). No one appeared for Defendant at the November Status Conference.

9.  Plaintiff files this Motion to Enforce Settlement per the Order of this Court. *See* Doc. 50.

**II.     LEGAL AUTHORITY**

"A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." *Shoels v. Klebold,* 375 F.3d 1054, 1060 (10th Cir.2004) (quotations omitted). The mere intention of parties to reduce an oral agreement to writing cannot keep an oral agreement from having binding force and effect. *Id.* at 1065.

State law governs the enforceability of a settlement agreement. *Rogler v. Standard Ins. Co.,* 30 Fed. Appx. 909, 913 (10th Cir.2002). A settlement agreement is a contract between the parties to end judicial proceedings. *DiFrancesco v. Particle Interconnect Corp.,* 39 P.3d 1243, 1247 (Colo.App.2001). A party must establish the essential elements of a contract, which means a "mutual assent to an exchange, between competent parties, with regard to a certain subject matter, for legal consideration." *Indus. Prods. Int'l, Inc. v. Emo Trans., Inc.,* 962 P.2d 983, 988 (Colo.App.1997) (citation omitted). Essential terms include a definitive offer and acceptance, consideration, and parties who have the capacity and authority to agree. *Citywide Bank of Denver v. Herman,* 978 F. Supp. 966, 976 (D.Colo.1997).

An enforceable agreement may be proven when counsel had the authority to extend an offer and that the other party accepted it." *In re Custody of Nugent,* 955 P.2d 584, 589 (Colo.App.1997). "Once it is shown that an attorney has entered into an agreement to settle a case, a party who denies that the attorney was authorized to enter into the settlement has the burden to prove that authorization was not given." *Trujillo v. New Mexico,* 1999 WL 63885 (10th Cir.1999) (*citing Turner v. Burlington N. R.R.,* 771 F.2d 341, 345–46 (8th Cir.1985)).

"Later dissatisfaction with the terms of a stipulated compromise agreement is not sufficient grounds to set it aside." *Royal v. Colorado State Personnel Board,* 690 P.2d 253, 255

(Colo.App.1984). A party who knowingly and voluntarily authorizes settlement of his or her claims cannot avoid the settlement simply because of a change of mind. *Woods v. Denver Dep't. of Revenue, Treasury Div.,* 45 F.3d 377, 378 (10th Cir.1995).

### III. THE PARTIES' SETTLEMENT AGREEMENT SHOULD BE ENFORCED IN ACCORD WITH THE OCTOBER 2ND EMAIL SETTING FORTH THE MATERIAL TERMS OF THE PARTIES' AGREEMENT

On October 2, 2020, Plaintiff's counsel emailed Defendant's counsel with this offer:

> … in an effort to resolve this matter, CTF is willing to pay $10,441. This payment would be in full and final settlement of all claims that were or could have been brought by Delta (or any of its predecessor companies or subsequent companies) and/or David Kahn against CTF. This includes, but is certainly not limited to, all claims which could have been or where asserted in this case or any arbitration (including all claims related to the use of Eric Nylander), any and all claims related in any way to Delta and/or Mr. Kahn's work with CTF, and any and all claims under the 2013 contract, 2018 contract or any other contract. We would require a full global release which will include a provision to provide for collection of attorney fees if breached.

Exhibit A, Oct. 2, 2020 email to Defendant's counsel and Ex. B, Affidavit.

Defendant's counsel, Torrey Livenick, agreed to these terms. Exhibit B, Affidavit. Shortly thereafter, Plaintiff's counsel and Defendant's counsel separately notified this Court the parties had reached a settlement agreement.

Plaintiff is entitled to have the settlement agreement enforced since the parties agreed to all material terms. Defendant has never disputed the amount of the settlement nor the terms of its own release but appears to seek to add other terms including a release from Plaintiff, which was never part of Plaintiff's offer and was never part of the settlement agreed to by Plaintiff.

Since the time that the parties agreed to the Settlement, Defendant's counsel, Ms. Torrey Livenick, has not responded to a number of calls and emails from Plaintiff's counsel in an effort to finalize and sign the Settlement Agreement. Furthermore, Defendant's counsel also failed to

4

appear at the November Status Conference. Defendant's counsel's absence, however, does not prevent this Court form enforcing the Settlement on the material terms agreed to by the both parties. Neither the Defendant nor its principal Mr. David Kahn, nor any other individual has ever challenged Ms. Livenick's authority to settle this litigation on behalf of Mr. Kahn or Delta or agree to the Settlement. Furthermore, Plaintiff cannot negotiate or deal directly with Mr. Kahn in the absence of Defendant's lawyer.

At the November Status Conference, counsel for Plaintiff appeared and confirmed the facts set forth and affirmed herein. No one appeared for Defendant. Further Defendant has not submitted any evidence that suggests that the Settlement was not agreed to or disputed any of the averments herein via responses to Plaintiff's motions or at the November Status Conference.

WHEREFORE, Plaintiff CTF respectfully requests this Court to:

1. Enter an Order enforcing and confirming the Settlement on the following terms: payment by CTF to Delta in the amount of $10,441.00 in exchange for full and final settlement of any and all claims that were or could have been brought by Delta or any of its predecessor companies or subsequent companies and/or David Kahn against CTF, including, but not limited to, (a) all claims which could have been or where asserted in this case or any arbitration (including all claims related to CTF's alleged use of Eric Nylander), (b) any and all claims related in any way to Delta and/or Mr. Kahn's work with CTF, (c) any and all claims related to the 2013 contract[1], 2018 contract[2] or any other contract which settlement shall include a full global release of claims. If a party breaches this settlement agreement, the non-breaching party shall be entitled to recover

---

[1] The 2013 contract can be found at Doc. 35 (Pl's MSJ), Ex. 9.
[2] The 2018 contract can be found at Doc. 1 (Pl's Comp.), Ex. D.

its attorney fees and costs incurred in any action, claim or proceeding, related to the enforcement of the terms of the settlement agreement or the Court's Order.

2.     Enter an Order allowing Plaintiff to issue the settlement funds of $10,441.00 directly to Delta Enterprise Solutions, LLC without inclusion of counsel for Delta, Torrey Livenick or Torrey Livenick Law and providing that Plaintiff shall not be responsible for any attorney lien, if existing, in favor of Ms. Livenick or Livenick Law.

3.     For dismissal of this matter with prejudice upon these terms with each party being responsible for the payment of their or its own attorney's fees and costs.

Respectfully submitted this 4th day of December, 2020.

**BUTLER SNOW LLP**

*s/ Sarah Smyth O'Brien*
David G. Mayhan
Sarah Smyth O'Brien
1801 California Street, Suite 5100
Denver, Colorado 80202
Telephone: (720) 330-2300
David.Mayhan@butlersnow.com;
Sarah.OBrien@butlersnow.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on this 4th day of December, 2020, a true copy of the foregoing was electronically filed with the Clerk of the U.S. District Clerk using the ECF system, which will send notice to all attorneys of record listed below:

Torrey Livenick, Esq.
730 17th Street, Suite 900
Denver, Colorado 80202
Telephone: (720) 295-8616
Email: torrey@livenicklaw.com

                                            *s/ Gloria Anzar*
                                            Gloria Anzar