# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:19-cv-02292-RBJ**

CTF BM OPERATIONS LTD.,

Plaintiff,

v.

DELTA ENTERPRISE SOLUTIONS LLC,

Defendant.

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S MOTION FOR COURT CONFERENCE RE: INABILITY TO COMMUNICATE WITH DEFENDANT'S COUNSEL TO CONCLUDE SETTLEMENT AGREEMENT**

Defendant, by and through its attorneys, and pursuant to the Local Rules of this Court, responds and objects to Defendant CTF BM Operations LTD. ("CTF") Motion for Court Conference as follows:

**PRELIMINARY STATEMENT**

1. Defendant's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Defendant's right to rely on other facts or documents.

2. By making the accompanying responses and objections to Plaintiff's motion for court conference, Defendant does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege.

1

3. Defendant expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

4. The settlement and release document (the "**Settlement Agreement**") has been accepted by Ms. Torrey Livenick, Defendant's counsel, without the prior approval of the Defendant, and against the terms of engagement entered between Defendant and Ms. Livenick, a copy of which may be produced before the court, if required.

5. Further, under the laws of the land, Defendant has the right to proceed directly or engage another counsel of his choice.

6. The Terms of Engagement between Defendant and Ms. Torrey Livenick is set to expire on December 4, 2020 and will not be renewed.

**OBJECTIONS TO THE MOTION**

1. On October 2, 2020, Plaintiff's counsel emailed Delta's counsel with an offer of a set amount of money to be paid by Plaintiff CTF as consideration for full and final settlement and release of any and all claims that were or could have been brought by Defendant Delta (or any of its predecessor companies or subsequent companies) and/or David Kahn, Defendant's sole LLC member, against Plaintiff (or any of its predecessors and related entities).

2. Defendant objects to the email dated October 16, 2020 attached by the counsels for the Plaintiff CTF along with the motion wherein Ms. Livenick has accepted the settlement offer. The Defendant's sole LLC member was not copied on the email, or informed of the acceptance to the offer. The acceptance without approval and against the terms of the engagement between Ms. Torrey Livenick and Defendant is illegal *per se,* and such agreement cannot be enforced in the court of law.

3. Defendant objects to the statement that Defendant's sole LLC member never indicated that Ms. Livenick did not have authority to agree to the settlement on behalf of Delta or any disagreement as Defendant is under no obligation to do the same. The terms of engagement are between Defendant and Defendant's counsel, and as per the terms, Ms. Livenick only had the right to perform her services, and represent Defendant in the matter, and not agree/disagree to any conditions/terms/statements/release/settlement/anything binding Defendant without Defendant's approval. Hence, any action by Defendant's counsel without the approval of Defendant is illegal, unlawful, and in breach of trust and her fiduciary duties towards the Defendant.

An attorney will have no authority whatsoever to bind interests or waive rights of a person as his client until that person retains or employs him or until he is assigned by the court to be that person's counsel (7 C.J.S. Attorney and Client S.62 (1937).

As a result of his employment, retainer, or assignment to the case, the attorney will have implied authority in regard to the general conduct of litigation to do or take all steps or actions which are necessary or incidental to the orderly prosecution, defense, or conduct of litigation or court proceeding (Mungin v. Florida E. Coast Ry., 318 F. Supp. 720, 732 (M.D. Fla. 1970). These implied powers, however, are limited only to matters of procedure or remedies and may not be used to impair a client's substantive rights or the cause of action (Mungin v. Florida E. Coast Ry., 318 F. Supp. 720 (M.D. Fla. 1970) (within scope of attorney's authority to amend complaint to state a class action); Linsk v. Linsk, 449 P.2d 760, 74 Cal. Rptr. 544 (1969); State v. Bentley, 46 N.J. Super. 193, 134 A.2d 445 (Super. Ct. App. Div. 1957) (within attorney's authority to refuse to interview a witness).

4. Defendant objects to the statement that Plaintiff cannot negotiate or deal directly with Defendant's sole LLC member as he is still represented in the matter by Ms. Livenick, as counsel of record. Defendant has already taken steps to approach her, seek her

response and terminate her services. Defendant has every right and authority to settle or negotiate on his own, being the sole LLC member or engage another counsel.

5. Defendant objects to the statement that Defendant cannot proceed pro se via its sole member, Mr. Kahn, who is not a lawyer and that Defendant should not be allowed to avoid enforcement of the settlement agreement and renegotiate the terms. That being said, though Defendant's counsel accepted the terms of the settlement without approval, Defendant had then communicated to Ms. Livenick that he was, and still is, willing to accept the terms of the settlement and the amount offered by the Plaintiff (subject to the objections raised by the Defendant), provided however, the settlement should include:

a. It is as a full and final settlement between the parties with respect to all suits, claims and proceedings brought by or against a party as of the effective date of the settlement, and there should be no further claim by either party against the other. Any settlement should safeguard the interests of both the parties. Besides that, the Defendant has no objections to the other terms of the settlement.

b. Payment by the Plaintiff should be made directly and solely to the Defendant as Ms. Torrey Livenick has no claim to financial remuneration to the final claim settlement amount and is not an employee of the Defendant. Ms. Torrey Livenick will be compensated as per the Terms of Engagement with the Defendant. CTF should have no objection as to how the proceeds are being disbursed to the Defendant and their objection as to the transfer is invalid.

WHEREFORE, Defendant Delta, through its sole LLC member, respectfully requests this Court to: (a) dismiss Plaintiff's motion for the enforcement of the terms of the Settlement Agreement AS IS without the inclusion of mutual release wording as Defendant did not approve of the settlement offer accepted by Defendant's counsel and she has acted against the terms of her engagement with Defendant, (b) allow the proceeds to come directly to the

Defendant, and (c) allow time to the parties to see if they can reach a settlement since all the other terms are acceptable to the Defendant.

Respectfully submitted this 3rd day of December, 2020.

DELTA ENTERPRISE SOLUTIONS LLC

*David Kahn*

David Kahn

9450 SW Gemini Dr.

#53210 Beaverton

OR 97008 Colorado

**CERTIFICATE OF SERVICE**

I certify that on this 3rd day of December, 2020, the foregoing is being electronically submitted with the Clerk of the U.S. District Court via email, and the same is being copied to all the attorneys on record.

*David Kahn*
David Kahn